IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MELISSA ROSSERO and CHRISTOPHER ROSSERO, | ) ) ) ) | Civil Action No. 2:14-cv-01084-CRE<br><br>Hon. Cynthia Reed Eddy |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **MOTION FOR ENTRY OF PROTECTIVE ORDER** |
| ELI LILLY AND COMPANY, | ) ) ) | |
| Defendant. | ) ) ) ) ) ) | |

At the Court's February 5, 2015 Initial Case Management Conference, and in the Hearing Memorandum docketed following that conference (Doc. 21), the Court ordered the parties to file a Joint Protective Order by February 27, 2015.  On March 2, 2015 (Doc. 24), pursuant to a joint motion by the parties, the Court extended the time for filing a Joint Protective Order to March 13, 2015, to allow that parties sufficient time to continue to attempt to resolve issues that remained in dispute.  On March 13, having reached an impasse as to certain issues to be covered by a protective order,  Defendant Eli Lilly and Company ("Lilly"),  filed a notice indicating that Lilly would move the court for entry of a protective order during the week of March 16, 2015. Lilly's Proposed Order is attached hereto as Exhibit A, and in this motion Lilly articulates certain areas of disagreement between it and Plaintiffs, and provides its argument in support of its positions.

I. **Lilly's Proposal Adequately and Fully Protects the Confidentiality of the Parties**

The parties have agreed on the vast majority of the 20-page proposed protective order attached hereto as Exhibit A, and are in agreement that entry of a protective order is necessary and appropriate to protect confidential and sensitive information that the parties anticipate exchanging in this litigation. The parties also agree that good cause exists for entry of a protective order pursuant to Fed. R. Civ. P. 26(c)(1). The parties have not been able to reach agreement, however, on three discrete issues: (1) whether the protective order shall prescribe a time period by which a party must challenge, if at all, a confidentiality or privilege designation by the other party, (2) whether certain "trade secret" information (pricing strategy, manufacturing information, and third-party sales data) unrelated to the issues being litigated in this case may be redacted from production, and (3) whether Lilly may redact information about certain products not at issue in this litigation.

A. **The Protective Order Should Provide a Time Period By Which a Party May Challenge the Confidentiality Designations of the Other Party**

Lilly's Proposed Protective Order provides that if a party receiving documents designated as confidential under the order disagrees as to the appropriateness of the confidentiality designation, that party shall have 90 days within receipt of such documents to challenge the designation. *See* Ex. A, Proposed Protective Order, at ¶¶ 2, 4.a. The Proposed Protective Order also provides for a 90-day time period for challenges to redacted information and to entries made on a party's privilege log. *See id.* at ¶¶ 6.b, 13.e.

Lilly submits that the 90-day time limitation is appropriate to promote the prompt, efficient resolution of any disputes that arise as to confidentiality designations, and that such limitation will prevent unfair surprise. Specifically, the limitation will encourage the parties to promptly review materials received in discovery and to timely raise any challenges. If, by

contrast, challenges may be made at any time, parties may engage in unfair gamesmanship tactics by raising challenges at inopportune times, such as immediately prior to trial, or while the parties are briefing dispositive motions.  Such tactics would burden the parties—who would have to litigate any belated challenges in the midst of other substantive matters—and the Court, which would be required to resolve any delayed challenges to confidentiality or privilege redactions.

**B.     Lilly Should Be Permitted to Redact Information About Trade Secrets Not At Issue In This Litigation**

This is a products liability case, in which Plaintiffs allege personal injury claims arising out of the use of Cymbalta, a prescription antidepressant medication manufactured by Lilly.  It does not concern Lilly's patents over Cymbalta or any other medication, Lilly's pricing strategy, the manufacturing process of Cymbalta, or third-party sales and/or prescription data.  And those categories of documents, not at issue in this litigation, are precisely what Lilly's Proposed Protective Order would allow Lilly to redact as protected from disclosure.  *See* Ex. A, Proposed Protective Order, at ¶ 5.a.  The Third Circuit has indicated that such protections are appropriate where the elements of proof of a case do not hinge on the information sought to be redacted.  *See United States v. Hsu*, 155 F.3d 189, 204 (3d Cir. 1998) (even in a criminal case, with the "unique constitutional and procedural requirements of criminal prosecutions," redaction of trade secret information was appropriate where "proof of [the necessary elements of the crime] is necessarily independent of any trade secrets contained in the Bristol Myers documents").  Rule 26 itself also indicates that protection of "trade secret or other confidential . . . commercial information" is appropriate.  Fed. R. Civ. P. 26(c)(1)(G).  *See also, e.g., Mosaid Technologies, Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012) (explaining that "confidential financial information and licensing strategy" are the "sort of material that courts have frequently redacted") (collecting cases).

3

To address the concerns of counsel for the plaintiffs regarding the breadth of any trade secret redactions, Lilly has proposed to limit such redactions to pricing strategy, manufacturing or production information, and third-party confidential sales, distribution, or prescription data. *See* Proposed Protective Order, Ex. A, at ¶ 5.a, *see also* March 12, 2015 Email of Phyllis Jones to R. Brent Wisner, attached hereto as Ex. B.  This refinement seeks to ensure full disclosure of the matters that touch on the claims asserted in this lawsuit while preserving the integrity of certain confidential strategic or propriety information.

### C.     Lilly Should Be Permitted to Redact Information About Products Not At Issue In This Litigation

For similar reasons, Lilly's Proposed Protective Order allows Lilly to redact portions of documents that contain information relating to certain other Lilly products not at issue in this litigation.  As with trade secret information, Lilly submits that information relating to products other than Cymbalta which have no bearing on this litigation are not relevant and should be protected from disclosure.  Such a limitation -- allowing for discrete, narrow redactions to confine discovery to the only product in dispute in this litigation -- is appropriate in a protective order.  *See, e.g., Nursing Home Pension Fund v. Oracle Corp.*, No. 02-00988, 2007 WL 3232267, at *3-*4 (N.D. Cal. Nov. 1, 2007) (allowing redaction of certain terms from a contract that were "not directly relevant to the merits of the underlying case").

In an effort to secure compromise on this issue, Lilly has also offered to apply prospectively certain additional limitations on its proposal for "other product" redactions.  *See* Ex. B hereto.  Specifically, among other things, Lilly has offered that it will confine such redactions to discrete and separate sections of documents where only information related to other drugs is contained in such sections, that it will not redact information where doing so would undermine the readability and contextual understanding of the relevant sentences and paragraphs.

4

*See id.; see also* Proposed Protective Order, Ex. A, at ¶ 5.k.  Moreover, Lilly would agree not to redact (1) references to other products contained in studies or trials that compare Cymbalta with other drugs; (2) references to other products in adverse event reports for Cymbalta; (3) references to other products that Lilly contemplated marketing or actually marketed as a combination product with Cymbalta; (4) and information concerning discontinuation-emergent adverse events related to another Lilly medicine, Prozac.  *Id.*  Plaintiffs rejected whole Lilly's proposed limitations on its ability to redact "other product" information.  Lilly maintains that the redactions it has proposed preserve Plaintiffs' ability to secure discovery relevant to their Cymbalta claims and simply omit information otherwise not material to their claims.  *See Depomed, Inc. v. Lupin Pharms. Inc.,* No. C 09-05587 LB, 2012 U.S. Dist. LEXIS 6799 (N.D. Cal. Jan. 20, 2012) (denying discovery on drugs other than "the two products at issue" in the litigation).

## <u>CONCLUSION</u>

For the foregoing reasons, Lilly's Proposed Protective Order is an appropriate protective order which would adequately and fully protect confidential information disclosed by both parties, and which would promote the prompt and efficient conduct of discovery in this case, and it should be entered by the Court.

Respectfully Submitted,

PEPPER HAMILTON LLP


By:   /s/ G. Richard Murphy
John C. Hansberry
G. Richard Murphy
500 Grant Street
50th Floor, One Mellon Bank Center
Pittsburgh, PA 15219
(412) 454-5000
hansberj@pepperlaw.com
murphyg@pepperlaw.com

Michael X. Imbroscio, *pro hac vice*
Phyllis A. Jones, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20003
(202) 662-6000
mimbroscio@cov.com
pajones@cov.com

*Attorneys for Eli Lilly and Company*

## CERTIFICATE OF SERVICE

I, G. Richard Murphy, hereby certify that a true and correct copy of the foregoing

Motion for Entry of Protective Order has been filed electronically and is available for viewing

and downloading from the ECF system.  All parties have consented to electronic service.


Date:  March 20, 2015                    */s/G. Richard Murphy*
                                         G. Richard Murphy