# Murphy, G. Richard

| | |
|---|---|
| **From:** | Jones, Phyllis <pajones@cov.com> |
| **Sent:** | Thursday, March 12, 2015 10:16 PM |
| **To:** | Wisner, R. Brent |
| **Cc:** | Baum, Michael; Mike Woerner; T. Matthew Leckman; Meredith Gray; Jison, Samantha; Kevin O'Brien; Harris L. Pogust; Ullman, Emily; Imbroscio, Michael |
| **Subject:** | Cymbalta DEAE - Protective Order |
| **Attachments:** | 3_11 Protective Order Draft.doc; REDLINE - 3_11 UPDATE CYM 2 Protective Order (2).doc |

Brent,

Following up on our recent call regarding the protective order, thanks for your patience here as we gathered feedback from our client on the items we discussed. Attached is a revised draft of the protective order along with a redline. If memory serves, for the *Rossero* case, we will need either to hammer this out tomorrow and get something (either agreed, or our competing positions) on file tomorrow or seek limited additional time to finalize our discussions. We are fine with either approach, depending on your views on what we've proposed here. Let us know your thoughts.

A few points in connection with our earlier telephonic conversation regarding the most acute areas of disagreement that we believe that we have here.

- First, we have substantially increased the period of time during which plaintiffs may challenge confidentiality and privilege designations (from 30 to 90 days), but we cannot agree to an unlimited period for such challenges.

- Second, as to the "trade secret" redaction provision, we have attempted to provide more detail on what we would envision this to cover, so the language is less expansive.

- Third, and finally, on the "other Lilly products" provision, we have retained the language, however, we wanted to propose integrating additional language clarifying the parameters of these redactions. See below. We did not want to do a full-scale integration without giving you a chance to react, but have outlined below what we have in mind. We are hopeful that this will satisfy our respective aims here.

    a. On a prospective basis, the "other product" redactions applied by Defendant after the date of this Order shall be subject to the guidelines set forth below.
        i. Redactions for other products shall be:
            1. Limited in scope to redactions of discrete and separate sections of documents whereby only information related to such other drugs is contained in such sections, and where the nature of the information discussed in such discrete sections is not related in context to the remaining responsive sections of the document, i.e., involving analysis, comparison, or otherwise necessary for full understanding of the responsive sections of the document; and
            2. Limited to restrictions imposed related to readability and contextual understanding, so that such redactions will not be made within paragraphs or sentences containing non-redactable information, and such that the readability and understanding of the context of the non-redacted material is not impaired. Defendant will not redact tables of contents, cover pages, titles, section headers, or PowerPoint slide titles.
        ii. Redactions for other products will not be applied to:

1. Final or draft versions of the Cymbalta US label/package insert, Core Data Sheet, Summary of Product Characteristics, and the label/package insert from any other country.
2. Information referencing studies or clinical trials that compare other products with Cymbalta.
3. References to other products in a Cymbalta clinical study protocol.
4. Reference sections of a Cymbalta clinical trial study report.
5. References to other drugs as exclusionary criteria for participating in a Cymbalta clinical trial or study.
6. References to other products in MedWatch forms or other documents concerning adverse event data for Cymbalta.
7. Other products that Defendant contemplated marketing or actually marketed as a combination product with Cymbalta.
8. Organizational charts or signature block references to other products.
9. Information related to Prozac (fluoxetine) and discontinuation-emergent adverse events.

Thanks.

**Phyllis Jones**

Covington & Burling LLP
One CityCenter, 850  Tenth Street, NW, Washington, DC 20001
T +1 202 662 5868 | pajones@cov.com
www.cov.com

COVINGTON

*This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.*

---

**From:** Wisner, R. Brent [mailto:rbwisner@baumhedlundlaw.com]
**Sent:** Monday, February 16, 2015 10:45 PM
**To:** Jones, Phyllis
**Cc:** Baum, Michael; Mike Woerner; T. Matthew Leckman; Meredith Gray; Jison, Samantha; Kevin O'Brien; Harris L. Pogust
**Subject:** Protective Order

Phyllis,

Please see attached.  Please let me know when you are free to discuss the Protective Order.  There are a few sticking points and it may be helpful to have a group call on them before we head to the twenty-nine courts overseeing these cases with various motions.

Best,

R. Brent Wisner, Esq.
BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.
12100 Wilshire Blvd, Suite 950
Los Angeles, CA 90025

Direct: 310-820-6294
Office: 310-207-3233
Fax: 310-820-7444
RBWisner@BaumHedlundLaw.com
www.BaumHedlundLaw.com



**********************************

CONFIDENTIALITY NOTICE -- This electronic mail message may contain confidential information belonging to the sender which is protected by the attorney-client and/or work product privilege. The information is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please purge the received information from your system and immediately notify the sender by telephone and by return e-mail. Thank you.

IRS DISCLAIMER: Communications from our firm may contain or incorporate federal tax advice.  Under recently promulgated US Internal Revenue Service standards (Circular 230), we are required to inform you that only formal, written tax opinions meeting the requirements of Circular 230 may be relied upon by taxpayers for the purpose of avoiding tax-related penalties.  Accordingly, this communication is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code.